Anthony J. Di Giovanna, J.
This complaint involves the construction-of a stockholders’ agreement and the enforcement of the terms thereof by judgment of this court. The plaintiff Bernstein, president and director, the plaintiff Hirschberg, director and secretary, and the defendant director and vice-president, were equal stockholders together with one Marer who died on July 2,1953. There are no other stockholders, directors or officers. Pursuant to a by-law it was agreed that none of the stock issued to the four above named, could be transferred in any way except that in the event of the death of any stockholder, right was given to the corporation to buy his stock upon notice to his estate of election to do so. It was further agreed that in the absence of express consent by the corporation no capital stock of the corporation could be sold or transferred by any stockholder or his legal representative unless such stock shall have first been offered in writing to the corporation, which had the right to either purchase it within 30 days or upon its failure to give notice of its election to purchase such stock, then, of course, such stock could be sold to others. It was further agreed that if the corporation elected to purchase the stock the price was to be fixed by agreement between the corporation and stockholders or legal representative, and if no price could be agreed upon then the price .should be fixed by arbitration. It was further provided that if the corporation failed to exercise an option to purchase the stock within the 30-day period, then each of the stockholders of record should *246 have a further period of 10 days within which to buy the stock on his own behalf upon the same terms and conditions as offered to the corporation.
It is further alleged in the complaint that each of the certificates bore the legend concerning the restrictive provision; that no offer was ever made by the legal representatives of Marer to the corporation; that the corporation never consented to Marer’s stock being sold in any other manner than prescribed in the agreement; that prior to the commencement of this action the plaintiffs and the defendant agreed to undertake negotiations with the representatives of Marer for the purchase of the stock by the plaintiffs and the defendant; that during June, 1956 such negotiations were conducted for the purchase of said stock; that in June, 1956 the plaintiffs designated the defendant as their representative to continue negotiations; that defendant accepted such designation and agreed to act on behalf of the plaintiffs; that thereafter the defendant informed the plaintiffs of continuing negotiations; that in August, 1957, or thereabouts, the defendant bought the stock in his own name and for his own benefit.
The complaint further alleges that the purchase of the stock by the defendant was without the knowledge or consent of the plaintiffs; that the defendant concealed those facts from the plaintiffs; that in August, 1957 the defendant for the first time informed the plaintiffs that he had purchased the stock and that thereupon demand was duly made by the plaintiffs for the stock to be turned over to the plaintiffs in view of the fact that the defendant was acting as their representative at the time of negotiations with the defendant; that the defendant has at all times refused to turn over or deliver the stock.
Judgment is demanded decreeing that defendant holds the stock in trust for the plaintiffs and that he be directed to deliver the stock to the plaintiffs upon reimbursement for the cost thereof, and for other relief.
A motion is made to dismiss the complaint pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice or to have the plaintiffs state separately the causes of action.
I cannot give much serious consideration to the claim of the defendant that the complaint fails to state facts sufficient to state a cause of action. All of the allegations therein contained must be deemed true. Bach of these plaintiffs has some claim upon the defendant in view of the admitted allegation that the defendant was acting as the agent of each in the negotiations with the estate of Marer. The claim that the complaint is deficient in that it fails to allege demands upon the representatives for the sale of stock to each of the plaintiffs is, of course, *247 specious. What was the defendant doing during that time when he was negotiating with the estate, other than making demands for the sale of stock? The nature of the demands are matters for development at the trial. There is no need for a separate cause of action being stated by each of the plaintiffs nor are the claims of each of the plaintiffs exclusive of the claims of the others. WThether the corporation would under the circumstances have had the sole right to purchase the entire stock or whether the three stockholders, the two individual plaintiffs and the defendant, had the right to negotiate for the purchase of the stock on their own behalf, is a matter for the trial court to determine. If deemed to be true, the facts alleged in the complaint require a holding that the defendant be considered the trustee of the stock for the benefit of the plaintiffs, the rights of the plaintiffs to be adjudged at the trial as among themselves. Whether the defendant can now be considered as one of those entitled to purchase the stock is a matter for equity to determine at the time of the trial. Suffice it to say that the complaint makes out a good and sufficient cause of action.
Motion denied in all respects. Submit order.